# STATE OF LOUISIANA

# COURT OF APPEAL, FIRST CIRCUIT

STATE OF LOUISIANA

VERSUS

DAYTON IRVING

NO. 2019 KW 1320

OCT 04 2019

In Re:    Dayton Irving, applying for supervisory writs, 19th
          Judicial District Court, Parish of East Baton Rouge,
          No. 08-17-0865.

BEFORE:   McCLENDON, WELCH, AND HOLDRIDGE, JJ.

**WRIT GRANTED.** The trial judge erred in determining
beforehand that an hour and fifteen minutes was a sufficient
amount of time for the state and the accused to conduct voir
dire. An accused has a constitutional right to "full voir dire
examination of prospective jurors and to challenge jurors
peremptorily." La. Const. art. I, § 17(A). See also La. Code
Crim. P. art. 786. Imposing an arbitrary time limit on a
defendant's voir dire examination has been found to be error in
that it is clearly improper and to be avoided by trial courts.
See **State v. Jones**, 596 So.2d 1360, 1367 (La. App. 1st Cir.),
writ denied, 598 So.2d 373 (La. 1992). The proper procedure
would be for the trial judge to be vigilant and to terminate
voir dire after the state and the accused have an opportunity
for a full voir dire examination and not to establish any
arbitrary time limits prior to the voir dire examination.
Furthermore, the trial judge has discretion to limit voir dire
by excluding repetitive, irrelevant, and improper questions.

                    **PMc**
                    **JEW**
                    **GH**

COURT OF APPEAL, FIRST CIRCUIT

_____
    DEPUTY CLERK OF COURT
        FOR THE COURT